IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LYSSA JONES, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:22-cv-466 |
| | ) | |
| vs. | ) | |
| | ) | |
| SVC MANUFACURING, INC. | ) | |
| d/b/a PEPSI CO., | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, Lyssa Jones, by counsel, and as her Complaint for Damages against Defendant, SVC Manufacturing, Inc. d/b/a Pepsi Co., states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Lyssa Jones, is a resident of Delaware County in the State of Indiana and a former employee of Defendant.

2. Defendant, SVC Manufacturing, Inc. d/b/a Pepsi Co., (hereinafter referred to as "Pepsi Co.") is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Ms. Jones filed a Charge of Discrimination (Charge 470-2021-01478) with the Equal Employment Opportunity Commission on or about May 25, 2021, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and The Americans with Disabilities Act, 42 U.S.C. § 12101.

4. The United States Postal Service, pursuant to Equal Employment Opportunity Commission regulations, issued to Ms. Jones a 90-day Right to Sue letter on January 27, 2021.

5. Ms. Jones invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a Caucasian white female with a disability, is employed as a production machine operator for Defendant since August 2020.

8. Plaintiff is one of the few white females in her department.

9. Beginning on or about March 29, 2021, a black male employee (Richard Smith) approached Ms. Jones and started rubbing his crotch against her while making unwanted comments of a sexual nature.

10. Over a period of several days, Mr. Smith told Ms. Jones that she should not handle machine labels like she would a *dick*.

11. Mr. Smith also told Ms. Jones that she had a nice *ass* and *boobs* and that if she would have sex with him, she would find that she prefers black men over white.

12. On another occasion, Mr. Smith told Ms. Jones that it was unusual for a white woman to have such a nice ass and such large breasts.

13. Ms. Jones filed a complaint of sexual harassment with the Defendant, and was confronted in an aggressive and hostile manner by Mr. Smith for doing so.

14. Plaintiff later complained to her supervisor that Mr. Smith was abusive towards her since her complaint, and the supervisor moved Ms. Jones to the Gatorade line.

15. Ms. Jones started developing a rash on her hand while working on the Gatorade line and told the Defendant that she must be allergic to one of the ingredients used on the line.

16. Plaintiff complained about being reassigned to that line and was told by Defendant representatives that it was the only place they could assign her because she could not work with black men.

17. In order to confirm her allergy, Plaintiff rubbed the ingredient she was allergic to on her wrist and when the rash appeared she took a picture of it to show her doctor.

18. Plaintiff's doctor confirmed that Plaintiff was having an allergic reaction to the chemical and told her she should not be exposed to the ingredient.

19. Plaintiff reported her diagnosis to the Defendant and requested that she be assigned to a position where she would not be exposed to the ingredient.

20. Instead of providing Plaintiff the reasonable accommodation she asked for, Defendant suspended Plaintiff for allegedly taking "samples" of the ingredient from the property to show her doctor.

21. Upon her return to service, Plaintiff was once again assigned to the Gatorade line where she was continuously exposed to an allergen.

22. Defendant denied Plaintiff's request for reasonable accommodation and suggested that she use personal protective equipment (PPE), including a mask and latex gloves.

23. Plaintiff's doctor informed the Defendant that Plaintiff could not wear the PPE due to her high blood pressure, and again stated that Plaintiff needed to be reassigned to another line.

24. Defendant continued to deny Plaintiff a reasonable accommodation, thereby forcing Plaintiff to take a leave of absence.

## Count I
## Sex

25. Plaintiff incorporates by reference Paragraphs one (1) through twenty-four (24) above.

26. Defendant discriminated against Ms. Jones on the basis of her sex when it allowed her to be subjected to numerous unwanted comments and touching of a sexual nature.

27. When Plaintiff complained of the sexual harassment, nothing was done to her harasser, but Plaintiff was reassigned to a less desirable job.

28. Ms. Jones' gender was the motivating factor in Defendant's decision to move her to a less favorable position, thereby leading to a leave of absence and *de facto* termination.

29. These actions violated Ms. Jones' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

30. As a result of the foregoing, Ms. Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

31. As a result of Defendant's actions, Ms. Jones has incurred attorney fees and costs.

32. Defendant's actions were done with malice or willful reckless disregard to Ms. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Disability

33. Plaintiff incorporates by reference Paragraphs one (1) through thirty-two (32) above.

34. Plaintiff suffers from a disability, namely an allergy to the ingredients in Gatorade.

35. Plaintiff notified Defendant of her disability and requested that Defendant reassign her to another position as a reasonable accommodation.

36. Defendant not only refused to accommodate Plaintiff's disability, but suspended her without pay, falsely claiming that she took the ingredient that caused her allergic reactions to her doctor.

37. After returning from her suspension, Defendant returned her to the same position and insisted that she wear PPE, contrary to her physician's advice.

38. The Defendant's decision to deny Plaintiff's request and was motivated by her disability, perceived disability and/or record of disability.

39. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101.

40. As a result of the foregoing, Ms. Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

41. As a result of Defendant's actions, Ms. Jones has incurred attorney fees and costs.

42. Defendant's actions were done with malice or willful reckless disregard to Ms. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count III
## Race

43. Plaintiff incorporates by reference Paragraphs one (1) through forty-two (42) above.

44. Defendant discriminated against Ms. Jones on the basis of her race when it created a hostile work environment for Ms. Jones and refused to take action against her harasser.

45. Similarly situated African American/black employees were treated more favorably than Plaintiff in that they were not moved to a less desirable position.

46. Ms. Jones' race was the motivating factor in treating her less favorably than other employees, as evidenced by the fact that Defendant told Plaintiff that her assignment was a result of her inability to work with black men.

47. These actions violated Ms. Jones' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

48. As a result of the foregoing, Ms. Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

49. As a result of Defendant's actions, Ms. Jones has incurred attorney fees and costs.

50. Defendant's actions were done with malice or willful reckless disregard to Ms. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count IV
## Retaliation - Sex

51. Plaintiff incorporates by reference Paragraphs one (1) through fifty (50) above.

52. Defendant retaliated against Ms. Jones for complaining of sexual harassment by reassigning her to a less desirable job and allowing her harasser to treat her in an abusive manner after her complaints.

53. Plaintiff's complaint of sexual harassment was the motivating factor behind Defendant's treatment of Plaintiff.

54. As a result of the foregoing, Ms. Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

55. As a result of Defendant's actions, Ms. Jones has incurred attorney fees and costs.

56. Defendant's actions were done with malice or willful reckless disregard to Ms. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count V
## Retaliation - Disability

57. Plaintiff incorporates by reference Paragraphs one (1) through fifty-six (56) above.

58. Defendant retaliated against Ms. Jones for notifying representatives of her disability and requesting a reasonable accommodation when it suspended her without pay.

59. Plaintiff's disability, perceived disability, or record of disability was the motivating factor behind Defendant's treatment of Plaintiff.

60. As a result of the foregoing, Ms. Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

61. As a result of Defendant's actions, Ms. Jones has incurred attorney fees and costs.

62. Defendant's actions were done with malice or willful reckless disregard to Ms. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory

damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

                Respectfully submitted,

                HENN HAWORTH CUMMINGS & PAGE

                /s/ Paul J. Cummings
                Paul J. Cummings, 22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

                Respectfully submitted,

                HENN HAWORTH CUMMINGS & PAGE

                /s/ Paul J. Cummings
                Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax